# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### CA 12-1093

RONALD BROOKS

VERSUS

DR. JOHN SCOTT SIBILLE, ET AL.

CONSOLIDATED WITH:

### CA 12-1094

JENNIFER CHAVIS, INDIVIDUALLY AND AS NATURAL TUTRIX FOR JAMESHA WILSON AND JALIYAH WILSON

VERSUS

DR. JOHN SCOTT SIBILLE, ET AL.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 2009-2763 C/W NO. 2009-2764
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

**********

### JIMMIE C. PETERS
### JUDGE

**********

Court composed of Jimmie C. Peters, Billy H. Ezell, and J. David Painter, Judges.

**MOTION TO DISMISS DENIED.
APPEAL DISMISSED AND REMANDED FOR CLARIFICATION.**

Terry L. Rowe
Attorney at Law
Post Office Box 3323
Lafayette, LA 70502
(337) 232-4744
COUNSEL FOR DEFENDANTS/APPELLEES:
    State Farm Fire & Casualty Company
    Dr. John Scott Sibille
    Paulette Sibille

**H. Edward Sherman**
**Attorney at Law**
**1515 Poydras St., #1460**
**New Orleans, LA 70112**
**(504) 587-7100**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
      **Jennifer Chavis, individually and as natural tutrix for her minor children, Jonas Chavis, Jamesha Wilson, and Jaliyah Wilson**
      **Ronald Brooks**

**PETERS, Judge.**

The defendants-appellees, Dr. John Scott Sibille, Paulette Sibille, and State Farm Fire and Casualty Insurance Company, filed a motion to dismiss as abandoned the appeals taken by the plaintiffs-appellants, Jennifer Chavis, individually and as natural tutrix for her minor children, Jonas Chavis, Jamesha Wilson, and Jaliyah Wilson, and Ronald Brooks. The appellants filed a brief in opposition to the motion to dismiss. For the reasons expressed below, we dismiss these appeals for lack of jurisdiction and remand these cases for clarification of the judgment appealed.

The appellants filed these suits for damages arising out of the unfortunate drowning of two minor children in a pond located on or nearby property owned by the defendants, the Sibilles. The appellees filed a motion for summary judgment, which the trial court granted. The trial court signed a written judgment which reads in pertinent part, "**IT IS ORDERED, ADJUDGED AND DECREED** that Defendants' Motion for Summary Judgment is hereby granted". The appellants filed appeals from this judgment.

The appeal records in these consolidated cases were lodged in this court on September 21, 2012. Therefore, the appellants' brief was due to be filed in these appeals by no later than October 16, 2012. On October 11, 2012, the appellants' counsel filed a motion with this court seeking an extension of the filing due date for his appellate brief in these appeals. This court granted this request and set the new due date for October 26, 2012.

On October 26, 2012, the appellants' counsel again sought an extension of the due date for his brief, and this court ordered the due date be extended to November 5, 2012. And yet again, on November 6, 2012, this court granted another requested extension to the appellants' counsel and further extended the briefing deadline to November 8, 2012.

Since this court did not receive any brief by the appellants' counsel within the extended due date, on November 13, 2012, this court issued an order to the appellants' counsel informing him that if the appellants' brief was not filed within thirty days of the mailing of that notice, the appeals would be dismissed as abandoned pursuant to Uniform Rules—Courts of Appeal, Rule 2−8.6. Thus, appellants' counsel had until December 13, 2012, within which either to deliver to this court or to place into a delivery service the appellants' brief in these appeals.

Despite these extensions and despite the thirty day notice sent to the appellants' counsel, the appellants' brief was neither filed with this court nor placed into a delivery service by December 13, 2012. Instead, appellants' brief was placed into the Federal Express delivery system on December 14, 2012. This brief was actually received by this court on December 17, 2012.

Therefore, on December 27, 2012, the appellees filed their motion to dismiss these appeals as abandoned. The appellants' counsel filed a brief in opposition to the motion to dismiss attempting to explain why the briefs were not filed by December 13, 2012. Although this court now dismisses these appeals, we do not dismiss them as abandoned; instead, we find that this court never had subject matter jurisdiction over these appeals as the judgment appealed is improper and is not appealable.

In *Gaten v. Tangipahoa Parish School System*, 2011-1133 (La.App. 1 Cir. 3/23/12), 91 So.2d 1073, the plaintiff filed an appeal from a grant of summary judgment in favor of the defendants. In dismissing the appeal, the appellate court wrote:

> Appellate courts have the duty to determine *sua sponte* whether their subject matter jurisdiction exists, even when the parties do not raise the issue. *Motorola, Inc. v. Associated Indemnity Corporation*, 02-1351 (La.App. 1 Cir. 10/22/03), 867 So.2d 723, 725. Under Louisiana law, a final judgment is one that determines the merits of a controversy in whole or in part. La.Code Civ. Proc. Ann. art. 1841. A final judgment must be identified as such by appropriate language. La.Code Civ. Proc. Ann. art. 1918. A valid judgment must be precise, definite, and certain. *Laird v. St. Tammany Parish Safe Harbor*, 02-0045 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 365. A final

2

appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *See Carter v. Williamson Eye Center*, 01-2016 (La.App. 1 Cir. 11/27/02), 837 So.2d 43, 44. These determinations should be evident from the language of a judgment without reference to other documents in the record. *Laird*, 836 So.2d at 366. The amended judgment, like the first judgment, does not contain proper decretal language. Specifically, although the judgment grants TPSS's motion for summary judgment, it does not specify what that relief entails. In the absence of such decretal language, the judgment before us is defective and cannot be considered as a "final judgment." *See Carter*, 837 So.2d at 44. In the absence of a final judgment, this court lacks jurisdiction to review this matter. *Laird*, 836 So.2d at 366.

In the instant appeals, the trial court's judgment, just like the judgment in *Gaten*, grants summary judgment in favor of the appellees and against the appellants; however, there is no way to know the relief granted in this ruling from reference to the judgment itself. Thus, as in *Gaten*, we find that this court lacks jurisdiction to review this matter because the judgment is not appealable. Therefore, we find that we cannot grant the appellees' motion to dismiss the appeal on the basis of abandonment because the appeals were never properly cognizable in this court. Instead, we hereby dismiss these appeals at appellants' cost and remand these cases to the trial court for further proceedings in accordance with this court's ruling, including reformation of the judgment. *See State v. White*, 2005-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144 (where the appellate court dismissed the appeal and remanded the case for the judgment's reformation and any necessary clarification of the appellate record).

**MOTION TO DISMISS DENIED.**
**APPEAL DISMISSED AND REMANDED FOR CLARIFICATION.**

3