# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 13-91

**CAROL THOMAS**

**VERSUS**

**LAFAYETTE PARISH SCHOOL SYSTEM**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 09-08883
SHARON MORROW, WORKERS COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**JAMES T. GENOVESE**

**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, James T. Genovese, and Shannon J. Gremillion, Judges.

**MOTION TO CONVERT APPEAL TO A WRIT DENIED.
APPEAL DISMISSED AND REMANDED.**

**Mark Louis Riley**
**Glenn Armentor Corp.**
**300 Stewart St.**
**Lafayette, LA 70501**
**(337) 233-1471**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Carol Thomas**

**Dawn L. Morris**
**The Dill Firm**
**825 Lafayette St.**
**Lafayette, LA 70501**
**(337) 261-1408**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lafayette Parish School System**

**GENOVESE, Judge.**

This court issued, *sua sponte*, a rule ordering the Plaintiff-Appellant, Carol Thomas, to show cause, by brief only, why the appeal in this case should not be dismissed for having been taken from a judgment lacking the proper decretal language. In response, Plaintiff asks that this court convert the instant appeal into an application for supervisory writ. For the reasons assigned, we dismiss this appeal, deny the motion to convert, and remand this case for further proceedings in accordance with this court's ruling.

This case involves a workers' compensation claim which Plaintiff filed alleging that she sustained injuries when she tripped and fell during the course and scope of her employment with Defendant, the Lafayette Parish School Board. On August 8, 2012, Defendant filed a motion for partial summary judgment, and the motion was heard on September 7, 2012. On October 29, 2012, the workers' compensation court signed a judgment granting Defendant's motion for partial summary judgment. The notice of judgment was mailed on the same day. On December 14, 2012, Plaintiff filed a motion for appeal, and the workers' compensation court signed the order of appeal on December 20, 2012. The appeal record was lodged in this court on January 29, 2013. As stated above, upon the lodging of the record in this appeal, this court issued a rule for the Plaintiff to show cause why the appeal should not be dismissed as having been taken from a judgment lacking the proper decretal language.

The judgment at issue reads, in pertinent part, as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the Lafayette Parish School Board's Motion for Partial Summary Judgment is granted.

In her response to this court's rule to show cause order, Plaintiff argues that the above language complies with the requirements for a final judgment. However, we note that this court has stated that "[a] valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146. Moreover, a judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling. *Vanderbrook v. Coachmen Industries, Inc.*, 2001-809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906.

In the instant case, it is unclear from the face of the judgment whether the granting of Defendant's motion for partial summary judgment results in the dismissal of all or only some of Plaintiff's claims against Defendant. This information, which is necessary for a determination of whether an appealable judgment has been rendered in this case, cannot be ascertained without referring to other pleadings in the record. Therefore, we find that the judgment at issue in the instant appeal is ambiguous and lacks appropriate decretal language. *See Johnson v. Mount Pilgrim Baptist Church*, 2005-337 (La.App. 1 Cir. 3/24/06), 934 So.2d 66. Accordingly, we dismiss this appeal and remand this case to the workers' compensation court for further proceedings in accordance with this ruling.

Additionally, we note that in her response to this court's rule to show cause order, Plaintiff asks this court to covert the instant appeal into an application for supervisory writ. However, we find that if the judgment at issue dismisses all of Plaintiff's claims against Defendant and terminates the litigation, then the exercise of this court's supervisory jurisdiction is not warranted because the judgment

dismissing Plaintiff's claims would be a final, appealable judgment. Appellate courts generally will not exercise their supervisory jurisdiction when an adequate remedy exists by appeal. *Douglass v. Alton Ochsner Medical Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953. Also, we note that the Louisiana Supreme Court has held that La.Code Civ.P. art. 1915 does not apply to workers' compensation cases. *See Rhodes v. Lewis*, 2001-1989 (La. 5/14/02), 817 So.2d 64. Therefore, even if this court found that the judgment at issue dismisses only some of Plaintiff's claims, that partial judgment would not be susceptible to being designated immediately appealable pursuant to Article 1915. Rather, the proper appellate remedy would be an appeal upon rendition of a final judgment at the completion of the case.

**MOTION TO CONVERT APPEAL TO A WRIT DENIED.**
**APPEAL DISMISSED AND REMANDED.**