NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-902

CLEVELAND PONCHO

VERSUS

TANNER FONTENOT AND
PROGRESSIVE PALOVERDE
INSURANCE COMPANY

**********

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2012-167
HONORABLE PATRICIA C. COLE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy and J. David Painter, Judges.

APPEAL DISMISSED AND REMANDED.

Michael B. Holmes
Hebert, Holmes & Bertrand
Post Office Drawer 790
Kinder, LA 70648-0790
(337) 738-2568
COUNSEL FOR PLAINTIFF/APPELLANT:
    Cleveland Poncho

Ian A. McDonald
Jones Walker
Post Office Drawer 3408
Lafayette, LA 70502
COUNSEL FOR DEFENDANTS/APPELLEES:
    Tanner Fontenot
    Progressive Paloverde Insurance Company

**SAUNDERS, Judge.**

This court issued a rule ordering Plaintiff-Appellant, Cleveland Poncho, to show cause, by brief only, why his appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *See Thomas v. Lafayette Parish Sch. System*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055. Plaintiff's attorney timely filed a brief admitting that the judgment did not contain the proper decretal language and indicating that he was unable to show sufficient cause why this appeal should not be dismissed. Plaintiff's attorney asks this court to remand the matter to the trial court to issue a judgment containing proper decretal language or "otherwise designate this judgment as immediately appealable in accordance with La.Code of Civ.P. Art. 1915 in the event the Trial Court determines that some, but not all, of the claims of plaintiff-appellant have been disposed of through it's [sic] granting of defendants-appellees' exceptions." For the reasons assigned, we dismiss the instant appeal and remand this matter to the trial court for further proceedings in accordance with this court's ruling.

This case arises out of an automobile accident which occurred on April 6, 2011. Suit was filed on March 30, 2012. In May 2014, Defendants filed exceptions of no right of action and prescription alleging that Mr. Poncho had no right of action because he died on April 14, 2012, and since no person had been substituted in his place within one year after his death, the case had prescribed. The exceptions were heard on June 25, 2014.

On July 3, 2014, the trial court signed a judgment which stated, in pertinent part:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Progressive Paloverde Insurance Company and Tanner Fontenot's Exceptions of No Right of Action and Prescription be and are hereby granted.

In *Thomas*, 128 So.3d at 1056, this court stated:

"[a] valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146. Moreover, a judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling. *Vanderbrook v. Coachmen Industries, Inc*., 2001-809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906.

Clearly, the judgment at issue herein does not meet these requirements. Plaintiff's attorney does not dispute this.

The judgment dated July 3, 2014, is ambiguous and lacks proper decretal language. Therefore, we dismiss the instant appeal and remand the matter to the trial court for further proceedings in accordance with this opinion.

**APPEAL DISMISSED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.