NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-953

PAULA FORTENBERRY

VERSUS

CONTINENTAL CASUALTY
COMPANY, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALACASIEU, NO. 2005-560
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Jimmie C. Peters, James T. Genovese, and John E. Conery, Judges.

APPEAL DISMISSED AND REMANDED.

Roger Burgess
Kilburn Landry
Baggett, McCall, Burgess, Watson & Gaughan
Post Office Drawer 7820
Lake Charles, LA 70606
COUNSEL FOR PLAINTIFF/APPELLEE:
    Paula Fortenberry

Emmett Sole
Alan McCall
Stockwell, Sievert, Viccellio, Clements & Shaddock
Post Office Box 2900
Lake Charles, LA 70602
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Continental Casualty Company and Edward K. Bauman

**CONERY, Judge.**

This court issued a rule ordering Appellants, Continental Casualty Company (Continental) and Edward K. Bauman (Bauman), to show cause, by brief only, why the appeal should not be dismissed as having been taken from judgments signed on June 24, 2010, and May 27, 2014, which lack proper decretal language. *See Thomas v. Lafayette Parish Sch. System*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055.

This case arises out of Paula Fortenberry's (Fortenberry) claim of legal malpractice against Bauman and his insurer, Continental. In her original petition, Fortenberry named only Continental as a defendant. Her motion for partial summary judgment against Continental was granted, and a judgment was signed on June 24, 2010. That judgment was not certified as a final judgment. Following that grant of partial summary judgment, Fortenberry amended her petition to name Bauman as a defendant. She then filed a motion for partial summary judgment against Bauman. That motion was granted, and a judgment was signed on May 27, 2014. That judgment was certified as a final judgment and ordered that Bauman would not be required to post a suspensive appeal bond since the judgment was not for sums of money. On that same day, the parties entered a stipulation that the judgment dated June 24, 2010, should be designated as a final judgment. Based on that stipulation, the trial court signed an order designating it as a final judgment and ordering that Continental would not be required to post a suspensive appeal bond since the judgment was not for a sum of money.

However, with respect to the granting of the motion for partial summary judgment against Continental, the judgment states that "for the reasons assigned": "IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Partial Summary Judgment is hereby granted." With respect to the granting of the

motion for partial summary judgment against Bauman, the judgment states that "for the reasons assigned": "IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff's Second Motion for Partial Summary Judgment is hereby granted." The record, however, contains no written reasons for judgment regarding either of the motions for partial summary judgment.

In *Thomas*, 128 So.3d at 1056, this court stated:

> "[a] valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146. Moreover, a judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling. *Vanderbrook v. Coachmen Industries, Inc.*, 2001-809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906.

In their brief to this court as to why the appeal should not be dismissed as premature, Continental and Bauman assert that *Thomas* is distinguishable because it was a workers' compensation matter for which immediate appeal under La.Code Civ.P. art. 1915 was not available and because the judgment in that case had not been certified as a final judgment. Continental and Bauman also assert that the two cases cited in *Thomas* are distinguishable because *Vanderbrook* dealt with a judgment awarding damages "as prayed for" in the petition without indicating an exact sum of money, and *White* dealt with a judgment stating that the defendant was not in arrears for his child support obligation but did not state if any relief was granted or denied. Continental and Bauman assert that in those cases, the court of appeal was unable to ascertain whether it had jurisdiction over the appeals because the judgments were unclear as to whether all issues in the case had been resolved. Continental and Bauman argue that the jurisdiction of this court is clear in this case because the relief granted in both judgments is clear, because both judgments have been designated as final judgments, and because the judgments specifically state

that they are not for sums of money such that it is obvious that the relief granted concerns liability and not damages.

In *Brooks v. Sibille*, 12-1093 (La.App. 3 Cir. 1/30/13), 107 So.3d 826, the judgment stated "IT IS ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Summary Judgment is hereby granted." This court dismissed the appeal because it did not specify what that relief entailed; therefore, "[i]n the absence of such decretal language, the judgment . . . is defective and cannot be considered as a 'final judgment.'" *Id*. at 823, citing *Gaten v. Tangipahoa Parish School System*, 11-1133 (La.App. 1 Cir. 3/23/12), 91 So.3d 1073. The court in *Gaten* also noted that: "A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, and the relief that is granted or denied. These determinations should be evident from the language of a judgment without reference to other documents in the record." *Gaten*, 91 So.3d at 1074 (citations omitted).

In this case, the judgments do not contain decretal language as to what relief is granted. The trial court's designation of these judgments as final judgments is not determinative of this court's jurisdiction. *Phoenix Associates Land Syndicate, Inc. v. E.H. Mitchell & Co., L.L.C.*, 07-0108 (La.App. 1 Cir. 9/14/07), 970 So.2d 605, *writ denied*, 07-2365 (La. 2/1/08), 976 So.2d 723. Determination of the relief granted requires reference to either Fortenberry's motions for partial summary judgment or the transcript of the hearings held in connection therewith. Therefore, we dismiss the instant appeal and remand the matter to the trial court for further proceedings in accordance with this opinion.

**APPEAL DISMISSED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.