NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-65

DANNY CASTILLE, ET AL.

VERSUS

JONATHAN BLUM, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 12-10736, DIV. A
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Shannon J. Gremillion, Judges.

APPEAL DISMISSED AND REMANDED.

Stephen R. Barry
Barry & Co., LLC
405 West Main Street
Lafayette, LA 70501
(337) 237-2889
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Danny Castille, et al.

Skylar J. Comeaux
Carl B. Robicheaux
Terri M. Collins
Robicheaux & Collins
214 West Pinhook Road, Suite 5
Lafayette, LA 70508
(337) 235-7888

**COUNSEL FOR DEFENDANT:**
    **Zurich American Insurance Company**
**Neal J. Favret**
**Alan J. Yacoubian**
**Johnson, Johnson, Barrios & Yacoubian**
**701 Poydras Street, Suite 4700**
**New Orleans, LA 70139**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Certain Underwriters at Lloyds, London**

**Richard F. King**
**Jennifer L. Simmons**
**Galloway, Johnson, Tompkins, Burr & Smith**
**701 Poydras Street, Suite 4040**
**New Orleans, LA 70139**
**(504) 525-6802**
**COUNSEL FOR INTERVENOR:**
    **Zurich American Insurance Company**

**Sean P. Rabalais**
**Law Office of Casler Bordelon & Lawler**
**11550 Newcastle Avenue, Suite 200**
**Baton Rouge, LA 70816**
        **COUNSEL FOR DEFENDANTS:**
        **Progressive Security Insurance Company, Jonathan Blum,**
        **And Jonathan Blum Plumbing & Excavation**

**Russell Zaunbrecher**
**Edwards, Stefanski & Zaunbrecher**
**125 E. Hutchinson Avenue**
**Crowley, LA 70526**
**(337) 783-7000**
        **COUNSEL FOR PLAINTIFFS/APPELLANTS:**
        **Danny Castille, et al.**

**GREMILLION, Judge.**

This court issued a rule ordering Plaintiffs/Appellants, Danny Castille and Dawn Castille, to show cause, by brief only, why their appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *See Thomas v. Lafayette Parish Sch. System*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055. Plaintiffs' attorney timely filed a brief alleging that the judgment at issue meets the requirements of *Thomas*. In the alternative, Plaintiffs' attorney requests that this court either convert the appeal to an application for supervisory writs or remand the matter to the trial court to issue a judgment containing proper decretal language. For the reasons assigned, we dismiss the instant appeal and remand this matter to the trial court for further proceedings in accordance with this court's ruling. *See Poncho v. Fontenot*, 14-902 (La.App. 3 Cir. 9/24/14), ___ So.3d ___, and *Fortenberry v. Continental Cas. Co.,* 14-953 (La.App. 3 Cir. 10/15/14), ___ So.3d ___.

This case arises out of an automobile accident which occurred on September 24, 2011. Defendant/Appellee, Certain Underwriters at Lloyds, London (Certain Underwriters), is the underinsured motorist insurance carrier for Plaintiffs. Certain Underwriters filed a motion for summary judgment on the ground that its "bobtail insurance policy does not provide coverage" for the Plaintiffs' claims since "[t]he alleged damages suffered by the plaintiffs were the result of losses from the plaintiff's operation of a vehicle that was attached to a trailer." Following a hearing on June 9, 2014, the trial court granted Certain Underwriters' motion.

On June 19, 2014, the trial court signed a judgment which stated, in pertinent part:

> After considering the pleadings, evidence and argument of counsel, it is hereby ordered that the Motion for Summary Judgment

filed by Defendant, Certain Underwriters, is hereby **GRANTED**. Each party will bear its own costs with respect to this Motion.

In *Thomas*, 128 So.3d at 1056, this court stated:

"[a] valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146. Moreover, a judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling. *Vanderbrook v. Coachmen Industries, Inc.*, 2001-809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906.

Clearly, the judgment at issue herein does not meet these requirements as it does not state the relief granted. Plaintiffs' attorney alleges that "[t]he judgment dismisses all of the plaintiffs' claims against the defendant." We do not agree. The judgment merely states that the motion for summary is judgment is granted. Reference to other pleadings would be required to ascertain what relief was requested in the motion for summary judgment.

The judgment dated June 19, 2014, is ambiguous and lacks proper decretal language. Therefore, we dismiss the instant appeal and remand the matter to the trial court for further proceedings in accordance with this opinion.

**APPEAL DISMISSED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.