STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 15-441


ISAIAH LOUCIOUS

VERSUS

CREST INDUSTRIES, LLC, ET AL.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 2
PARISH OF RAPIDES, NO. 14-06362
JAMES L. BRADDOCK, WORKERS COMPENSATION JUDGE

**********

JIMMIE C. PETERS

JUDGE

**********

Court composed of Jimmie C. Peters, James T. Genovese, and John E. Conery,
Judges.


APPEAL DISMISSED AND REMANDED.


Malcolm Xerxes Larvadain
Attorney at Law
626 8th Street
Alexandria, LA 71301
(318) 445-3533
COUNSEL FOR PLAINTIFF/APPELLANT:
    Isaiah Loucious

**Debra Talbot Parker**
**Robicheaux & Collins**
**450 Laurel Street, Suite 1701**
**Baton Rouge, LA 70801**
**(225) 382-5550**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Zurich Insurance Co.**
    **Crest Industries, LLC**

**PETERS, Judge.**

This court issued a rule ordering Plaintiff-Appellant, Isaiah Loucious, to show cause, by brief only, why his appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *See Thomas v. Lafayette Parish Sch. System*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055. Mr. Loucious' attorney timely filed a brief admitting that the judgment is ambiguous and lacks appropriate decretal language. For the reasons set forth below, we dismiss the instant appeal and remand this matter to the trial court for further proceedings consistent with this court's ruling.

This matter arises out of an on-the-job accident which occurred on April 11, 2014, and Mr. Loucious filed a disputed claim with the Office of Workers' Compensation on September 26, 2014, seeking compensation benefits. The defendants, Zurich Insurance Company and Crest Industries, LLC, filed a motion for summary judgment on February 11, 2015, seeking to have Mr. Loucious' claims against them dismissed. The Workers' Compensation Judge (WCJ) heard the summary judgment motion on March 16, 2015, and on March 31, 2015, executed a judgment which stated in pertinent part nothing more than:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defendants' Motion for Summary Judgment is hereby granted.

The judgment, as executed, lacks the proper decretal language. As this court has previously stated:

> [a] valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.

*State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146.

Additionally, "a judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling." *Thomas*, at 1056.

The judgment at issue did not identify the parties or their capacity in the disposition; and while it appears to state the relief granted, the nature of the relief can only be ascertained by references to the summary judgment motion. Clearly, the judgment dated March 31, 2015, is ambiguous and lacks proper decretal language. Therefore, we dismiss the instant appeal and remand the matter to the Workers' Compensation Judge for further proceedings in accordance with this opinion.

**APPEAL DISMISSED AND REMANDED.**