NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-466

WILLIAM R. RICHARD, ET AL.

VERSUS

JAMES P. HESTERLY, JR., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2014-3517, DIV. B
HONORABLE JULES D. EDWARDS, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Judges Sylvia R. Cooks, John D. Saunders, and Shannon J. Gremillion.

APPEAL DISMISSED AND REMANDED.

Matthew K. Brown
Sullivan Stolier Knight, LC
909 Poydras Street, Suite 2600
New Orleans, LA 70112
(504) 561-1044
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    William R. Richard and Billard, LLC

Richard B. Eason, II
Adams and Reese LLP
701 Poydras Street, Suite 4500
New Orleans, LA 70139
(504) 581-3234
COUNSEL FOR DEFENDANTS/APPELLEES:
    James P. Hesterly, Jr. and David Legendre

**GREMILLION, Judge.**

This court issued a rule ordering Plaintiffs/Appellants, William R. Richard and Billard, LLC, to show cause, by brief only, why their appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *See Thomas v. Lafayette Parish Sch. System*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055. Plaintiffs' attorney timely filed a brief alleging that the judgment at issue meets the requirements of *Thomas* and "that the judgment . . . dismissed their case in its entirety on the ground that they failed to state a cause of action." In the alternative, Plaintiffs' attorney requests that this court remand the matter to the trial court to issue a judgment containing proper decretal language. Plaintiffs' attorney has submitted a proposed judgment and suggested that this court provide proper language "so that this problem does not repeat itself." For the reasons assigned, we dismiss the instant appeal and remand this matter to the trial court for further proceedings in accordance with this court's ruling.[1] *See Poncho v. Fontenot*, 14-902 (La.App. 3 Cir. 9/24/14), 151 So.3d 192, and *Fortenberry v. Continental Cas. Co.,* 14-953 (La.App. 3 Cir. 10/15/14), 151 So.3d 193 (both unpublished opinions).

This case arises out of an alleged breach of contract. Plaintiffs filed suit against Defendants, James P. Hesterly, Jr., and David Legendre, seeking to recover Billard's share of accounts that were allegedly distributed in violation of the agreements between the parties relative to certain counseling and recovery centers. Together, Hesterly and Legendre filed an exception of no right of action alleging that Plaintiffs' claims amounted to a derivative action that could only be brought on behalf of the corporation. Separately, Hester and Legendre each filed exceptions of no cause of action, no right of action, prescription, and vagueness.

---

[1] We make no comment on the proposed judgment submitted by Plaintiffs since we are remanding this matter.

In response, Plaintiffs amended their petition. Defendants then re-urged their previously filed exceptions.

A hearing on all of the exceptions[2] was held on March 16, 2015. In open court, the trial court granted the exception of no cause of action. On the same day, the trial court signed a judgment stating that: "the Peremptory Exception of No Cause of Action . . . is hereby sustained. Considering this ruling, the Exceptions of No Right of Action, Vagueness[,] and Prescription are moot."

In *Thomas*, 128 So.3d at 1056, this court stated:

> "[a] valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146. Moreover, a judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling. *Vanderbrook v. Coachmen Industries, Inc.*, 2001-809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906.

Clearly, the judgment at issue herein does not meet these requirements as it does not state the relief granted. Plaintiffs' attorney alleges that "[t]his devolutive appeal . . . is necessarily an appeal from a final judgment dismissing all of the claims stated by the plaintiffs against all of the defendants" and that "it is clear that in this matter, the trial court found that the plaintiffs **did not state any cause of action**." We do not agree. The judgment merely states that the exception of no cause of action is granted. There is no indication on whose behalf the relief is granted (i.e., only Hesterly, only Legendre, or both). There is no indication whether Plaintiffs' claims are dismissed in their entirety or if only certain claims are dismissed. Even reference to other pleadings, the transcript of the hearing, and

---

[2] Both the court minutes and the judgment signed by the trial court indicated that the following matters were presented to the court: (1) an exception of no right of action filed by Hesterly and Legendre; (2) exceptions of no cause of action, no right of action, prescription and vagueness filed on behalf of Hesterly; and (3) exceptions of no cause of action, no right of action, prescription and vagueness filed on behalf of Legendre.

the court minutes do not answer these questions.  Thus, this judgment is not precise, is not definite, and is not certain.

The judgment dated March 16, 2015, is ambiguous and lacks proper decretal language.  Therefore, we dismiss the instant appeal and remand the matter to the trial court for further proceedings in accordance with this opinion.

**APPEAL DISMISSED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.