NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-80

WILLIE JAMES IRVING

VERSUS

SYBIL JEAN DOUGLAS IRVING

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2014-668
HONORABLE LILYNN A. CUTRER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

APPEAL DISMISSED.

Evelyn Oubre
Attorney at Law
522 Clarence Street
Lake Charles, Louisiana 70601
(337) 436-0337
COUNSEL FOR PLAINTIFF/APPELLANT:
    Willie James Irving

**Walter Sanchez**
**The Sanchez Law Firm**
**901 Lakeshore Drive, Suite 1050**
**Lake Charles, Louisiana  70601**
**(337) 433-4405**
**COUNSEL FOR DEFENDANT/APPELLEE**
      **Sybil Jean Douglas Irving**

**PICKETT, Judge.**

This court issued a rule ordering Plaintiff-Appellant, Willie James Irving (Mr. Irving), to show cause, by brief only, why his appeal should not be dismissed for having been taken from a partial judgment which has not been designated as a final and appealable judgment, for express reasons given, pursuant to La.Code Civ.P. art. 1915(B). Mr. Irving did not file a brief. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Mr. Irving and Sybil Jean Douglas (Mrs. Irving) married in 1976. They separated on February 24, 2011. Mr. Irving instituted divorce proceedings on February 19, 2014, and the parties were granted a divorce by judgment signed June 18, 2014.

The present dispute arises out of the partition of the community property. On February 7, 2011, shortly before their separation, Mr. Irving allegedly signed two documents: one agreeing to transfer the community home to Mrs. Irving and one agreeing that he had no interest in Mrs. Irving's 401k accounts. Following a hearing on June 17, 2015, the trial court found that the agreements signed by Mr. Irving were valid unilateral contracts. On September 11, 2015, the trial court signed a judgment to that effect and set a trial date of September 14, 2015.

Mr. Irving filed a motion for appeal on September 29, 2015, and the trial court signed an order of appeal on September 30, 2015. When the record was lodged in this court, a rule to show cause was issued to Mr. Irving to show, by brief due March 1, 2016, why his appeal should not be dismissed as having been taken from a partial judgment that had not been designated as a final and appealable

judgment by the trial court. *See* La.Code Civ.P. art. 1915(B). Mr. Irving did not file a brief in response to this rule.[1]

## DISCUSSION

Louisiana Code of Civil Procedure Article 1915(B)(1) states that:

> [w]hen a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

The judgment in this case is titled "CONSIDERED JUDGMENT RE: VALIDITY OF CONTRACTS." It is a partial judgment under La.Code Civ.P. art. 1915(B)(1) because it does not resolve all of the claims involved in the partition.[2] "A partial judgment which requires designation as a final judgment by the trial court but does not receive such a designation is *not* an appealable judgment." *Bolden v. FedEx Ground Package System, Inc.*, 10-940, pp. 4-6 (La.App. 4 Cir. 4/16/11), 60 So.3d 679, 682. Thus, in this case the judgment subject to review is a partial judgment not subject to immediate appeal.

## DECREE

We dismiss the appeal as having been taken from a partial judgment not designated as final and appealable. The dismissal is without prejudice, at the cost of Mr. Irving.

---

[1] Mr. Irving was ordered to file his appellate brief on March 1, 2016. This brief was not filed, and a thirty-day order was issued notifying Mr. Irving that if his brief was not filed within thirty days, his appeal would be dismissed as abandoned.

[2] Further, the judgment lacks proper decretal language because it does not state what relief is granted. *See Thomas v. Lafayette Parish Sch. System*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055.

2

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.