# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 16-117

**KATHRYN ELIZABETH HOLLAND**

**VERSUS**

**PAUL SCOTT HOLLAND**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-6134
HONORABLE LILYNN A. CUTRER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***
## MARC T. AMY

## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Marc T. Amy, and D. Kent Savoie, Judges.

**APPEAL DISMISSED.
REMANDED FOR CLARIFICATION.**

**William J. Cutrera**
**Attorney at Law**
**910 Ford Street**
**Lake Charles, LA   70601**
**(337) 433-1414**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Kathryn Elizabeth Holland**

**Donald Carl Hodge, Jr.**
**4148 Palm Street**
**Baton Rouge, LA   70808**
**(337) 794-8873**
**COUNSEL FOR INTERVENORS/APPELLANTS:**
    **Evia Hodge**
    **Donald Carl Hodge, Jr.**
    **Rachel Hodge**
    **Chance Earl DeRamus**

**Jonathan Johnson**
**Johnson & Vercher, LLC**
**Post Office Box 849**
**Lake Charles, LA   70602**
**(337) 433-1414**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Paul Scott Holland**

**AMY, Judge.**

This court issued a rule ordering Intervenors-Appellants, Evia Hodge; Donald Carl Hodge, Jr.; Rachel Hodge; and Chance Earl DeRamus (Intervenors), to show cause, by brief only, why their appeal should not be dismissed for having been taken from a judgment lacking proper decretal language. *See Thomas v. Lafayette Parish Sch. System*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055. For the reasons that follow, we dismiss the appeal and remand this case for clarification.

## FACTS AND PROCEDURAL HISTORY

This matter arose as a divorce proceeding between Kathryn Elizabeth Holland (Kathryn) and Paul Scott Holland (Paul). Evia Hodge, Donald Carl Hodge, Jr., Rachel Hodge, and Chance Earl DeRamus sought to intervene and be made parties to the partition of the community of acquets and gains between Kathryn and Scott. The facts are set forth in this court's opinion in *Holland v. Holland*, 13-636 (La.App. 3 Cir. 12/11/13), 129 So.3d 844, and need not be repeated herein.

On November 2, 2015, the trial court signed a judgment stating that "**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Exception filed by **KATHRYN ELIZABETH HOLLAND** and **PAUL SCOTT HOLLAND** is granted. This action is a revocatory action[,] and either prescription or preemption [sic] apply as per LA C.C. Art. 2041."

Intervenors filed a motion for appeal on December 2, 2015, and the trial court signed an order of appeal on December 3, 2015. When the record was lodged in this court, a rule to show cause was issued to Intervenors to show, by brief only, why their appeal should not be dismissed as having been taken from a

judgment lacking proper decretal language. *See Thomas*, 128 So.3d 1055. Intervenors filed a brief, attaching the petition for intervention and the exception of prescription filed on behalf of Kathryn and Paul, and argued that the judgment contained proper decretal language because it granted the exception and ordered that all costs be cast against Intervenors.

### DISCUSSION

In *Thomas*, 128 So.3d at 1056, this court quoted *State v. White*, 05-718, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146: "A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied."

While the judgment at issue states that it grants the exception, it is indefinite in that it states that either prescription or peremption applies and does not indicate what relief is granted. It does not state what claims are dismissed. One must refer to the exception to prescription and assume that the relief granted by the judgment is that prayed for in the exception, i.e., the dismissal of the Intervenors' suit at their costs. "[A] judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling." *Thomas*, 128 So.3d at 1056, citing *Vanderbrook v. Coachmen Industries, Inc.*, 01-809 (La.App. 1 Cir. 5/10/02), 818 So.2d 906.

In *Brooks v. Sibille*, 12-1093, 12-1094, p. 1 (La.App. 3 Cir. 1/30/13), 107 So.3d 826, 827, this court found that a judgment stating "IT IS ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Summary Judgment is hereby granted" did not contain sufficient decretal language. Thus "[i]n the absence of such decretal language, the judgment . . . is defective and cannot be

2

considered as a 'final judgment.'" *Id.* at 828, quoting *Gaten v. Tangipahoa Parish Sch. System*, 11-1133 (La.App. 1 Cir. 3/23/12), 91 So.3d 1073.

Thus, this appeal is dismissed for lack of decretal language. As in *Sibille*, 107 So.3d 826, we remand this matter to the trial court for further proceedings consistent with this ruling, including clarification of the judgment.

## DECREE

We dismiss the appeal as having been taken from a judgment lacking proper decretal language. The dismissal is without prejudice. The matter is remanded to the trial court for further proceedings in accordance with this opinion, including clarification of the judgment.

**APPEAL DISMISSED. REMANDED FOR CLARIFICATION.**