NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-80

MELODY SMITH, ET AL.

VERSUS

MARCUS SAM, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20144879
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion (S), John E. Conery, and David E. Chatelain, Judges.

APPEAL DISMISSED. REMANDED FOR CLARIFICATION.

\*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Gloria A. Angus**
**Angus Law Firm, LLC**
**Post Office Box 2337**
**Opelousas, Louisiana  70571**
**(337) 948-8800**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Melody Smith**

**Lance Edward Harwell**
**Staines & Eppling**
**3500 North Causeway Blvd., Suite 820**
**Metairie, Louisiana  70002**
**(504) 838-0019**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Circle K Stores, Inc.**

**CONERY, Judge.**

This court issued an Order on April 25, 2017 ordering Plaintiffs-Appellants, Melody Smith and Henry Freeman as Natural Tutor of Keyana Freeman (The Smith Plaintiffs), to show cause no later than May 10, 2017, by brief only, as to why the appeal in the above captained case should not be dismissed for having been taken from a judgment lacking proper decretal language. *Thomas v. Lafayette Parish Sch. System*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055. For the reasons that follow, we dismiss the appeal and remand this case for clarification.

### FACTS AND PROCEDURAL HISTORY

The Smith Plaintiffs filed suit for personal injuries allegedly suffered by Ms. Smith as the result of an armed robbery committed by Marcus Sam. Ms. Smith was attempting to make a night bank deposit for her employer, Circle K Stores, Inc. (Circle K). Before Ms. Smith could reach the bank, Mr. Sam crashed his truck into the back of her car, shot twice at Ms. Smith's vehicle, almost striking Ms. Smith, smashed the window of her car, and then took the Circle K deposit bag from the front seat of Ms. Smith's car.[1] Ms. Smith claimed she was injured in the collision and suffered post tramatic stress resulting from the robbery. She sued Circle K for damages based on intentional tort.

In the original petition, the Smith Plaintiffs named Mr. Sam, Capital One Bank, APC, LLC, Circle K, and three unidentified insurance companies as defendants. Ms. Smith specifically alledged that the robbery was the result of an intentional tort on the part of Circle K, thus circumventing the provisions of the Louisiana Worker's Compensation Act, La.R.S. 23:1032 (LWCA). She claimed:

---

[1]Mr. Sam later plead guilty to armed robbery and was sentenced to thirty years in prison.

6.

On or about September 21, 2013, Circle K's supervisor told Petitioner to remember to make the night deposit in the Circle K store in front of several customers.

7.

On or about September 21, 2013, Petitioner was substantially certain to get robbed after her supervisor announced to the Store that the Petitioner would be making a deposit on that day.

After resolving claims not pertinent to this appeal, the trial court allowed Ms. Smith to file an amended petition to attempt to more specifically state a cause of action in tort against Circle K. Circle K's original motion for summary judgment to dismiss the Smith Plaintiffs' intentional tort claim was denied, but the trial court reserved to Circle K the right to reurge its motion for summary judgment at a later date.

After allowing sufficient time for discovery, Circle K then re-urged its motion for summary judgment. The record reflects that between the initial hearing held on Circle K's motion, the amendment of the Smith plaintiffs' petition, and the hearing on Circle K's motion for summary, no discovery was initiated by the Smith plaintiffs. At the hearing on Circle K's motion for summary judgment, the trial court carefully questioned the Smith Plaintiffs' counsel in order to determine if there was any support in the record for the claim of intentional tort against Circle K other than the allegations contained in the Smith Plaintiffs' petitions. Hearing there was nothing filed in the record to controvert Circle K's motion for summary judgment dismissing the Smith plaintiff's claims for intentional tort, the trial court granted Circle K's motion in open court.

On November 1, 2016 the trial court signed a judgment stating that, "**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that defendant Circle K

Stores, Inc.'s Motion for Summary Judgment is hereby granted." The Smith Plaintiffs filed a timely appeal from the November 1, 2017 judgment of the trial court, which was assigned to this panel. Upon review of the record on appeal, the panel determined that the judgment lacked the proper decretal language. *See Thomas*, 128 So.3d 1055. The Smith plaintiffs timely failed to reply to this court's April 25, 2017 order to show cause by May 10, 2017, as to why their appeal should not be dismissed.

## DISCUSSION

In *Thomas*, 128 So.3d at 1056, this court quoted *State v. White*, 05-718, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146: "A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied."

While the judgment at issue states that it grants the summary judgment filed on behalf of the defendant, Circle K, it does not indicate what relief is granted. More specifically, the judgment does not state what claim is dismissed. In order to determine what claim has been dismissed by summary judgment, it is necessary to refer to Circle K's motion for summary judgment and assume that the relief granted by the judgment is that prayed for in motion, i.e., dismissal of the Smith Plaintiffs' "intentional tort claim on the grounds that plaintiff's tort claim is barred by the exclusive remedy provisions of the Louisiana Worker's Compensation Act." "[A] judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling." *Thomas*, 128 So.3d at 1056.

In the recent case of *Holland v. Holland*, 16-117, pp. 2-3 (La.App. 3 Cir 4/6/16), 188 So.3d 484, 485, a panel of this court stated:

In *Brooks v. Sibille*, 12-1093, 12-1094, p. 1 (La.App. 3 Cir. 1/30/13), 107 So.3d 826, 827, this court found that a judgment stating "IT IS ORDERED, ADJUDGED AND DECREED that Defendants' Motion for Summary Judgment is hereby granted" did not contain sufficient decretal language. Thus "[i]n the absence of such decretal language, the judgment . . . is defective and cannot be considered as a 'final judgment.'" *Id.* at 828, quoting *Gaten v. Tangipahoa Parish Sch. System*, 11-1133 (La.App. 1 Cir. 3/23/12), 91 So.3d 1073.

Thus, we dismiss the appeal of the Smith Plaintiffs for lack of decretal language and remand this matter to the trial court for further proceedings consistent with this ruling, including clarification of the judgment.

## DECREE

For the foregoing reasons, we dismiss the appeal as having been taken from a judgment lacking proper decretal language. The dismissal is without prejudice. The matter is remanded to the trial court for further proceedings in accordance with this opinion, including clarification of the judgment.

**APPEAL DISMISSED. REMANDED FOR CLARIFICATION.**

**This opinion is <u>NOT DESIGNATED FOR PUBLICATION.</u> Uniform Rules - Courts of Appeal, Rule 2-16.3.**