NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 18-403


ERICK J. DAIGLE

VERSUS

EBONE' VITATOE


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2011-5182
HONORABLE LILYNN ANNETTE CUTRER, DISTRICT JUDGE

**********

VAN H. KYZAR

JUDGE

**********

Court composed of Shannon J. Gremillion, John E. Conery and Van H. Kyzar, Judges.


APPEAL DISMISSED; CASE REMANDED.

Lee Watkins Boyer
Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.
Post Office Box 2900
Lake Charles, LA 70602
(337) 436-9491
COUNSEL FOR PLAINTIFF/APPELLEE:
    Erick J. Daigle

**Larry Edward Pichon**
**Attorney at Law**
**330 Alamo St., Suite G**
**Lake Charles, LA 70601**
**(337) 439-3073**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Ebone' Vitatoe**

**Jonathan Brown**
**Attorney at Law**
**1025 Mill Street**
**Lake Charles, LA 70601**
**(337) 564-6990**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Ebone' Vitatoe**

**Samara Sabin Winfrey**
**Attorney at Law**
**120 West Pujo Street**
**Lake Charles, LA 70601**
**(337) 433-3305**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Ebone' Vitatoe**

**KYZAR, Judge.**

Upon the lodging of the record in this appeal, this court, *ex proprio motu*, issued a rule for the Defendant-Appellant, Ebone' Vitatoe, to show cause, by brief only, why her appeal should not be dismissed for having been taken from a judgment lacking proper decretal language, citing *Thomas v. Lafayette Parish School System*, 13-91 (La.App. 3 Cir. 3/6/13), 128 So.3d 1055. For the reasons assigned below, we dismiss this appeal and remand this case to the trial court for further actions in accordance with this opinion.

The instant litigation involves custody and visitation of the parties' two minor children. On December 4, 2017, the trial court signed a document entitled Written Reasons for Judgment. The trial court concluded that the parties be awarded joint custody, with the Plaintiff-Appellee, Erick Daigle, named the domiciliary parent but awarding visitation for Ms. Vitatoe as provided in an attached Joint Custody Plan. However, the Written Reasons for Judgment were clearly intended to be the reasons for the trial court's ruling, not the final judgment on custody and visitation. *See Dietz v. Dietz*, 13-186 (La.App. 3 Cir. 11/6/13), 128 So.3d 1215. Instead, on the same date, December 4, 2017, the trial court signed another document entitled Judgment, which reads:

> This matter came for trial before this Court on November 30, 2017. Considering the evidence and testimony presented,
>
> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Written Reasons for Judgment rendered on this date shall be made a judgment of the Court.
>
> JUDGMENT RENDERED, READ AND SIGNED this 4th day of December, 2017 in Lake Charles, Louisiana.

Appearing below this language is the judge's signature and name. Ms. Vitatoe filed a motion for appeal and for designation of the record, and the trial court granted same.

As stated above, upon the lodging of the record, this court issued the instant rule to show cause. No brief has been filed by Ms. Vitatoe in response to this court's rule.

In *Thomas*, 128 So.3d 1055, 1058 (emphasis added), this court states:

> we note that this court has stated that "[a] valid judgment must be precise, definite, and certain. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied." *State v. White*, 05-718 (La.App. 3 Cir. 2/1/06), 921 So.2d 1144, 1146. Moreover, **a judgment cannot require reference to extrinsic documents or pleadings in order to discern the court's ruling.** *Vanderbrook v. Coachman Industries, Inc.*, 2001-899 (La.App. 1 Cir. 5/10/02), 818 So.2d 906.

The court in *Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Technologies, Inc.*, 10-477, p. 13 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 916 (emphasis added), citing *Vanderbrook*, 818 So.2d 906, states, "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings **or reasons for judgment.**" Thus, we find that the judgment appealed in this case is null and void as it lacks proper decretal language. As no proper final judgment has been rendered, this court is without jurisdiction over this appeal. Therefore, we set aside the Judgment of December 4, 2018, and we remand this case to the trial court for the signing of a new final judgment which contains proper decretal language by August 1, 2018.

**APPEAL DISMISSED; CASE REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.