NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-290

DONALD COLLIGAN, DEBRA
COLLIGAN LOPEZ, MAXINE
COLLIGAN NAVARRE, AND
DIANNE COLLIGAN COLOMB

VERSUS

MAISON DE LAFAYETTE NURSING
HOME AND KRISTIN TAUZIN, FNP

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20173369, DIV. B
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

**********

CANDYCE G. PERRET

JUDGE

**********

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and Candyce G. Perret, Judges.

APPEAL DISMISSED WITHOUT PREJUDICE.

**John Paul Charbonnet**
**The Glenn Armentor Law Corporation**
**300 Stewart Street**
**Lafayette, Louisiana 70501**
**(337) 233-1471**
**Counsel for Plaintiffs/Appellants:**
> **Donald Colligan, Debra Colligan Lopez, Maxine Colligan Navarre, and Dianne Colligan Colomb**

**Nicholas Gachassin, III**
**Holly McLay Descant**
**Gachassin Law Firm, LLC**
**200 Corporate Boulevard, Suite 103**
**Lafayette, Louisiana 70598-0369**
**(337) 235-4576**
**Counsel for Defendants/Appellants:**
> **Maison de Lafayette**
> **Kristin Tauzin, FNP**

**PERRET, Judge.**

Plaintiffs-Appellants, Donald Colligan, Debra Colligan Lopez, Maxine Colligan Navarre, and Dianne Colligan Colomb, were ordered to show cause, by brief only, why their appeal should not be dismissed as having been taken from a judgment lacking proper decretal language. *See Brooks v. Sibille*, 12-1093 (La.App. 3 Cir. 1/30/13), 107 So.3d 826. For the reasons that follow, we dismiss the devolutive appeal without prejudice.

## FACTS AND PROCEDURAL HISTORY

After unsuccessfully presenting their case to a Medical Review Panel, Plaintiffs filed suit against Maison de Lafayette Nursing Home and Kristen Tauzin, FNP (Defendants), for damages arising out of the alleged substandard treatment of Ed Colligan (Mr. Colligan) between June 6, 2013, and August 13, 2013. Plaintiffs contend that the alleged substandard treatment caused Mr. Colligan's death on October 24, 2013.

Defendants filed a Motion for Summary Judgment seeking the dismissal of Plaintiffs' claims based on the assertion that Plaintiffs had no medical expert testimony to show that Defendants breached the applicable standard of care or caused the alleged damages. The trial court granted the Motion for Summary Judgment in open court, and a written judgment was signed on December 10, 2018.

On February 8, 2019, Plaintiffs filed a motion for devolutive appeal. The order of appeal was signed on February 11, 2019. In due course, the record was lodged in this court. *Ex proprio motu*, this court issued a rule ordering Plaintiffs to show cause why the appeal should not be dismissed for the above-stated reason. Plaintiffs did not respond to the rule.

## DISCUSSION

Appellate courts have the duty to determine *sua sponte* whether their subject matter jurisdiction exists, even when the parties do not raise the issue. *Motorola, Inc. v. Associated Indemnity Corporation*, 02-1351 (La.App. 1 Cir. 10/22/03), 867 So.2d 723, 725. Under Louisiana law, a final judgment is one that determines the merits of a controversy in whole or in part. La.Code Civ. Proc. Ann. art. 1841. A final judgment must be identified as such by appropriate language. La.Code Civ. Proc. Ann. art. 1918. A valid judgment must be precise, definite, and certain. *Laird v. St. Tammany Parish Safe Harbor*, 02-0045 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 365. A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *See Carter v. Williamson Eye Center*, 01-2016 (La.App. 1 Cir. 11/27/02), 837 So.2d 43, 44. These determinations should be evident from the language of a judgment without reference to other documents in the record. *Laird*, 836 So.2d at 366. The amended judgment, like the first judgment, does not contain proper decretal language. Specifically, although the judgment grants TPSS's motion for summary judgment, it does not specify what that relief entails. In the absence of such decretal language, the judgment before us is defective and cannot be considered as a "final judgment." *See Carter*, 837 So.2d at 44. In the absence of a final judgment, this court lacks jurisdiction to review this matter. *Laird*, 836 So.2d at 366.

*Gaten v. Tangipahoa Parish Sch. Sys.*, 11-1133, pp. 3-4 (La.App. 1 Cir. 3/23/12), 91 So.3d 1073, 1074.

In this instance, the trial court's judgment indicates that the matter came for hearing on Defendants' Motion for Summary Judgment and states that: "**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Motion for Summary Judgment filed on behalf of defendants be and is hereby granted with prejudice. All costs associated with these proceedings are assessed to plaintiffs." The judgment gives no indication as to the relief granted "from reference to the judgment itself." *Brooks*, 107 So.3d at 828. It is unknown from the judgment itself whether all claims of the Plaintiffs are dismissed as to all Defendants or whether only certain claims as to certain Defendants are dismissed. Therefore, this court

lacks jurisdiction to review this matter because the judgment is defective and cannot be considered as a final appealable judgment. *Id*.

## DECREE

For all the reasons given herein, this court does not have jurisdiction to consider the merits of Plaintiffs' appeal because it is taken from a judgment lacking proper decretal language. We dismiss this appeal without prejudice. Plaintiffs are free to seek a judgment containing the required decretal language.

**APPEAL DISMISSED WITHOUT PREJUDICE.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.