STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-636

KATHRYN ELIZABETH HOLLAND

VERSUS

PAUL SCOTT HOLLAND

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-6134
HONORABLE LILYNN ANNETTE CUTRER, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

REVERSED AND REMANDED.

W. Mitchell Redd
Attorney at Law
940 Ryan St.
Lake Charles, LA 70601
(337) 421-1615
COUNSEL FOR DEFENDANT/APPELLEE:
    Paul Scott Holland

**Jamie Blair Bice**
**Veron, Bice, Palermo & Wilson, L.L.C.**
**P. O. Box 2125**
**Lake Charles, LA 70602-2125**
**(337) 310-1600**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Kathryn Elizabeth Holland**

**Donald Carl Hodge, Jr.**
**Attorney at Law**
**224 Ocean Dr. #202**
**Baton Rouge, LA 70806**
**(337) 794-8873**
**COUNSEL FOR INTERVENORS/APPELLANTS:**
    **Donald Carl Hodge, Jr.**
    **Evia Hodge**
    **Rachel Hodge**
    **Chance DeRamus**

**GREMILLION, Judge.**

The Creditors, Chance DeRamus, Evia Hodge, Donald Hodge, and Rachel Hodge (collectively referred to as the Creditors or Interveners), appeal the judgment of the trial court sustaining Kathryn Elizabeth Holland and Paul Scott Holland's exception of no cause of action and exception of no right of action. For the following reasons, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2005, the Creditors filed civil suits in the Thirty-Eighth Judicial District Court against Paul S. Holland for sexual battery and molestation of a juvenile. In November 2006, Holland was sentenced to twenty-two years in prison after pleading guilty to three counts of sexual battery. In December 2006, Kathryn filed for divorce from Paul in the Fourteenth Judicial District Court. The December 2006 judgment purported that Kathryn and Paul had terminated their community property regime in a "Petition to Terminate Legal Matrimonial Regime and Enter into Separation of Property Agreement."

In December 2010, the Estate of David Craig Hodge and DeRamus each secured a $100,000 judgment against Paul.[1] In August 2012, the Creditors filed in the divorce proceeding a "Motion to Intervene by Creditors and Judicial Partition of the Community Regime." Kathryn filed exceptions of no cause of action and no right of action in October 2012.[2] The trial court sustained the Hollands' exceptions and the Creditors now appeal, assigning as error:

---

[1] Evia Hodge, Rachel Hodge, and Donald Hodge are the surviving relatives of David Craig Hodge, one of Paul's victims.

[2] Paul did not file any formal pleadings but joined in Katherine's exceptions at the December 3, 2012 hearing.

1. The trial court erred in sustaining the Exception of No Cause of Action when Interveners were attempting to assert their rights against the Community of Acquets and Gains as a creditor when no partition currently exists.

2. The trial court erred in sustaining the Exception of No Right of Action when Interveners have an interest in the Community of Acquets and Gains as creditors.

## DISCUSSION

*No Cause of Action*

On appeal, we review an exception of no cause of action de novo by reviewing the petition and accepting the allegations as true to determine whether a remedy exists under the law based on the facts alleged in the petition. *Vermilion Hosp., Inc. v. Patout*, 05-82 (La.App. 3 Cir. 6/8/05), 906 So.2d 688, *Gardes Directional Drilling, Inc. v. Bennett*, 01-80 (La.App. 3 Cir. 6/6/01), 787 So.2d 1201, *writ denied*, 01-1991 (La. 10/26/01), 799 So.2d 1154.

The Creditors sought to intervene in the Holland's divorce proceedings to assert claims as creditors of the community of acquets and gains for the two $100,000 judgments, urging that the trial court had not issued a final judgment on the partition of the community property. The Creditors' Motion to Intervene stated in part:

1.

Kathryn Elizabeth Holland and Paul Scott Holland had a community of acquets and gains during their marriage. The community of acquets and gains ended upon the filing of the above-captioned case on December 12, 2006.

. . . .

5.

Paul Scott Holland and Kathryn Elizabeth Holland knew of the existence of the civil lawsuits pending against Paul Scott Holland in

2

the 38th Judicial District Court at the time of the divorce and upon information and belief, began to sell and donate assets and also fraudulently sold the community home in an attempt to avoid payment of the specific creditors, David Craig Hodge and Chance Earl DeRamus, to their detriment.

6.

The court has not issued a final judgment on the partition of the community of acquets and gains as of the date of the filing of this Motion. Movers are therefore entitled to intervene in these proceedings and assert a claim as creditors on the community of acquets and gains which existed during the marriage of Paul Scott Holland and Kathryn Elizabeth Holland.

Kathryn's December 21, 2006 petition for divorce states in part:

16.

The parties hereto have already terminated their community property regime by way of a "Petition to Terminate Legal Matrimonial Regime, and Enter into Separation of Property Agreement" filed in proceedings of this Court entitled "In Re: Paul Scott Holland and Kathryn Elizabeth Anderson Holland," with the Judgment confirming the modification of the regime having been signed on December 11, 2006.[3]

17.

It is believed that counsel for Defendant is preparing a Community Property Settlement Agreement to formally partition the former community of acquets and gains of the marriage. In the event an agreement cannot amicably be reached on such, Petitioner reserves her rights to formally partition such as provided by law.

A judgment of final divorce was signed on March 28, 2007. The judgment terminated the legal regime of the community of acquets and gains, retroactive to the date of judicial demand.

There are no pending proceedings to partition former community property nor were any ever filed in conjunction with the divorce judgment. The divorce

---

[3] The December 11, 2006 judgment referred to in paragraph sixteen creating a separation of property regime is not in the record.

3

judgment was filed on March 28, 2007. The trial court found that because no partition was pending, there was nothing in which the Creditors could intervene. We agree, however, the Creditors have stated a cause of action as discussed below.

Louisiana Code of Civil Procedure Article 1091 provides (emphasis added):

> A third person having an interest therein may intervene *in a pending action* to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
>
> (1) Joining with plaintiff in demanding the same or similar relief against the defendant;
>
> (2) Uniting with defendant in resisting the plaintiff's demand; or
>
> (3) Opposing both plaintiff and defendant.

Pursuant to La.Civ.Code art. 2376, a creditor does have certain rights in relation to a spouse's attempt to terminate a community property regime (emphasis added):

> The creditors of a spouse, *by intervention in the proceeding*, may object to the separation of property or modification of their matrimonial regime as being in fraud of their rights. They also may sue to annul a judgment of separation of property within one year from the date of the rendition of the final judgment. After execution of the judgment, they may assert nullity only to the extent that they have been prejudiced.

The Creditors argue that this was an impossibility because the judgment in their favor was not rendered until December 2010, nearly four years after the community property regime was terminated. The Creditors further argue that the liabilities were incurred during the existence of the community, i.e., at the time that Paul sexually battered the two victims, he and Kathryn were still under a community property regime. Also, the Creditors point out that their civil suit was filed in August 2005, well before the termination of the community of acquets and gains in December 2006.

4

It is well settled that a tortfeasor's debt owed to the victim accrues at the time the injury is sustained, not on the date that suit is filed or judgment is obtained. *Holland v. Gross*, 195 So. 828 (La.App. 2 Cir. 1940), *Perigoni v. McNiece*, 307 So.2d 407 (La.App. 4 Cir. 1975).; *Thomassie v. Savoie*, 581 So.2d 1031 (La.App. 1 Cir.), *writ denied*, 589 So.2d 493 (La. 1991); *LeBlanc v. American Emp'rs Ins. Co.*, 364 So.2d 263 (La.App. 3 Cir. 1978), *writs denied*, 366 So.2d 911, 916, 917 (La. 1979). In *Dugas v. Dugas*, 01-669, p. 5 (La.App. 3 Cir. 12/26/01), 804 So.2d 878, 881, *writ denied*, 02-652, (La. 5/24/02), 816 So.2d 307 (footnote omitted), we stated:

> Louisiana public policy does not permit a potential debtor to transfer property to someone else in order to secrete it from potential creditors, in essence, for an illicit purpose. This applies to transfers made at the time that a cause of action accrues *before* a potential creditor files a suit or obtains a judgment. Jurisprudence, even, gives a potential creditor standing and a cause of action to set the illicit transfer aside.

"The filing of suit merely seeks recognition of a pre-existing delictual obligation." *Leblanc*, 364 So.2d at 266. The Creditors' rights vested from the initial sexual batteries of Chance DeRamus and David Craig Hodge.

Thus, the Creditors have a valid cause of action. Although the Motion to Intervene does not list the specifics of the fraudulent transfers in derogation of their rights, the allegation in paragraph five is sufficient to move forward. "A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral." La.Civ.Code art. 2030. "An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency." La.Civ.Code art. 2036; *See Pan Am. Import Co., Inc. v. Buck*, 452 So.2d 1167 (La.1984). Spouses cannot deprive creditors of their rights by filing

5

extrajudicial partitions of their community property. *See* La.Civ.Code art. 2357. The Creditors' petition states a cause of action—a revocatory action—thus the trial court erred in granting the Hollands' exception of no cause of action. Based on the foregoing, we need not address the second assignment of error.

## CONCLUSION

The judgment of the trial court granting the Hollands' exceptions of no cause and no right of action is reversed and this matter is remanded for further proceedings consistent with this opinion. All costs of this appeal are assessed to Kathryn Elizabeth Holland and Paul Scott Holland.

**REVERSED AND REMANDED**.