NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-231

KATHRYN ELIZABETH HOLLAND

VERSUS

PAUL SCOTT HOLLAND

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006 6134
HONORABLE LILYNN ANNETTE CUTRER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, John E. Conery, and Candyce G. Perret, Judges.

AFFIRMED.

Donald Carl Hodge, Jr.
Attorney at Law
4148 Palm St.
Baton Rouge, LA 70808
(337) 794-8873
COUNSEL FOR INTERVENORS-APPELLANTS:
 Donald Carl Hodge, Jr.
 Evia Hodge
 Rachel Hodge
 Chance Deramus

**William J. Cutrera**
**Attorney at Law**
**910 Ford St.**
**Lake Charles, LA 70602-3273**
**(337) 433-1414**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
  **Kathryn Elizabeth Holland**


**Jonathan Johnson**
**Johnson & Vercher, LLC**
**P. O. Box 849**
**Lake Charles, LA 70602**
**(337) 433-1414**
**COUNSEL FOR DEFENDANT-APPELLEE:**
  **Paul Scott Holland**

**PICKETT, Judge.**

The intervenors, Chance DeRamus, Evia Hodge, Donald Hodge, and Rachel Hodge, (collectively "the creditors") appeal a judgment of the trial court sustaining the peremptory exception of prescription filed by Kathryn Holland and Paul Holland.

## FACTS

Chance DeRamus and David Hodge filed suit against Paul Holland in Cameron Parish on August 22, 2005, alleging that Mr. Holland committed a sexual battery against each of them. Pertinent to the issues before us, the sexual battery occurred while Mr. Holland was married to Kathryn. During the pendency of that litigation, David Hodge died. On December 6, 2010, the trial court in Cameron Parish rendered a judgment in favor of Mr. DeRamus and the Estate of David Hodge, and awarded damages of $100,000.00 each.

While that suit was pending, on October 26, 2006, Mr. Holland pled guilty to three counts of sexual battery. Soon thereafter, he was sentenced to serve twenty-two years in prison.

On November 12, 2006, Mr. and Ms. Holland entered into a separation of property agreement, seeking termination of the community of acquets and gains in Calcasieu Parish. In a conveyance dated November 12, 2006, filed in the conveyance records of Calcasieu Parish, Mr. Holland donated, and Ms. Holland accepted, his interest in the community home to Ms. Holland. The trial court in Calcasieu Parish ratified this agreement in a judgment dated December 11, 2006. On December 21, 2006, Ms. Holland filed a petition for divorce from Mr. Holland in Calcasieu Parish based on the fact that he had been convicted of a felony and had been sentenced to imprisonment at hard labor. The judgment of divorce was granted on March 28, 2007.

On August 8, 2012, Mr. DeRamus and the heirs of David Hodge, Evia Hodge, Donald Hodge, and Rachel Hodge, filed a Motion to Intervene by Creditors and Judicial Partition of the Community Regime in the divorce proceeding. They sought to collect the damages awarded in Cameron Parish. In their intervention, they allege:

> Paul Scott Holland and Kathryn Elizabeth Holland knew of the existence of the civil lawsuits pending against Paul Scott Holland in the 38th Judicial District Court at the time of the divorce and upon information and belief, began to sell and donate assets and also fraudulently sold the community home in an attempt to avoid payment of the specific creditors, David Craig Hodge and Chance Earl DeRamus, to their detriment.

Ms. Holland filed a peremptory exception of no cause of action and no right of action. The trial court found that because there was no partition of property pending in the trial court, the creditors failed to state a cause of action. The creditors appealed to this court.

On appeal, this court found that the creditors had stated a cause of action:

> There are no pending proceedings to partition former community property nor were any ever filed in conjunction with the divorce judgment. The divorce judgment was filed on March 28, 2007. The trial court found that because no partition was pending, there was nothing in which the Creditors could intervene. We agree, however, the Creditors have stated a cause of action as discussed below.

> Louisiana Code of Civil Procedure Article 1091 provides (emphasis added):

>> A third person having an interest therein may intervene *in a pending action* to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:

>>> (1) Joining with plaintiff in demanding the same or similar relief against the defendant;

>>> (2) Uniting with defendant in resisting the plaintiff's demand; or

>>> (3) Opposing both plaintiff and defendant.

2

Pursuant to La.Civ.Code art. 2376, a creditor does have certain rights in relation to a spouse's attempt to terminate a community property regime (emphasis added):

> The creditors of a spouse, *by intervention in the proceeding*, may object to the separation of property or modification of their matrimonial regime as being in fraud of their rights. They also may sue to annul a judgment of separation of property within one year from the date of the rendition of the final judgment. After execution of the judgment, they may assert nullity only to the extent that they have been prejudiced.

The Creditors argue that this was an impossibility because the judgment in their favor was not rendered until December 2010, nearly four years after the community property regime was terminated. The Creditors further argue that the liabilities were incurred during the existence of the community, i.e., at the time that Paul sexually battered the two victims, he and Kathryn were still under a community property regime. Also, the Creditors point out that their civil suit was filed in August 2005, well before the termination of the community of acquets and gains in December 2006.

It is well settled that a tortfeasor's debt owed to the victim accrues at the time the injury is sustained, not on the date that suit is filed or judgment is obtained. *Holland v. Gross*, 195 So. 828 (La.App. 2 Cir.1940), *Perigoni v. McNiece*, 307 So.2d 407 (La.App. 4 Cir.1975); *Thomassie v. Savoie*, 581 So.2d 1031 (La.App. 1 Cir.), *writ denied*, 589 So.2d 493 (La.1991); *LeBlanc v. American Emp'rs Ins. Co.*, 364 So.2d 263 (La.App. 3 Cir.1978), *writs denied*, 366 So.2d 911, 916, 917 (La.1979). In *Dugas v. Dugas*, 01-669, p. 5 (La.App. 3 Cir. 12/26/01), 804 So.2d 878, 881, *writ denied*, 02-652 (La.5/24/02), 816 So.2d 307 (footnote omitted), we stated:

> Louisiana public policy does not permit a potential debtor to transfer property to someone else in order to secrete it from potential creditors, in essence, for an illicit purpose. This applies to transfers made at the time that a cause of action accrues *before* a potential creditor files a suit or obtains a judgment. Jurisprudence, even, gives a potential creditor standing and a cause of action to set the illicit transfer aside.

"The filing of suit merely seeks recognition of a pre-existing delictual obligation." *LeBlanc*, 364 So.2d at 266. The Creditors' rights vested from the initial sexual batteries of Chance DeRamus and David Craig Hodge.

Thus, the Creditors have a valid cause of action. Although the Motion to Intervene does not list the specifics of the fraudulent

3

transfers in derogation of their rights, the allegation in paragraph five is sufficient to move forward. "A contract is absolutely null when it violates a rule of public order, as when the object of a contract is illicit or immoral." La.Civ.Code art. 2030. "An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency." La.Civ.Code art. 2036; *See Pan Am. Import Co., Inc. v. Buck*, 452 So.2d 1167 (La.1984). Spouses cannot deprive creditors of their rights by filing extrajudicial partitions of their community property. *See* La.Civ.Code art. 2357. The Creditors' petition states a cause of action—a revocatory action— thus the trial court erred in granting the Hollands' exception of no cause of action.

*Holland v. Holland*, 13-636, pp. 3-6 (La.App. 3 Cir. 12/11/13), 129 So.3d 844, 847-848.

On remand, the creditors filed a motion seeking a judicial partition of the community property. The trial court found that the creditors did not have the right to demand a judicial partition of the Hollands' former community property in a judgment signed on April 9, 2014. The creditors filed an application for supervisory writs with this court, which was denied. *Holland v. Holland*, an unpublished writ disposition bearing docket number 14-434 (La.App. 3 Cir. 6/26/14).

On September 23, 2014, the creditors filed a Motion to Set Aside Separation of Property Agreement, Donation of Home, and Recognition of Community Debt to Creditors. In that motion, the creditors argued that the proper procedure was not followed in executing the separation of property agreement, and therefore it should be nullified. Further, they argued that Mr. Holland fraudulently donated his interest in the family home to Ms. Holland, and that Ms. Holland was complicit in the fraud when she accepted the donation fully aware that he intended to defraud the creditors. Because both were complicit in the fraud, the transfer should be revoked and the community should be held liable to the creditors.

4

On September 22, 2015, Mr. and Ms. Holland jointly filed an Exception of Prescription, arguing that the creditors' cause of action was a revocatory action based on La.Civ.Code art. 2036, and the time period within which a party could bring a revocatory action had expired, based on La.Civ.Code art. 2041, which states:

> The action of the obligee must be brought within one year from the time he learned or should have learned of the act, or the result of the failure to act, of the obligor that the obligee seeks to annul, but never after three years from the date of that act or result.
>
> The three year period provided in this Article shall not apply in cases of fraud.[1]

The trial court held a hearing and found that either prescription or peremption had run. The trial court issued a judgment on November 2, 2015. For reasons assigned in *Holland v. Holland*, 16-117 (La.App. 4/6/16), 188 So.3d 484, we dismissed the creditors' appeal of that judgment as having been taken from a judgment lacking proper decretal language. On remand, the trial court issued a Second Amended Judgment, dismissing with prejudice the creditors' motion to set aside the separation of property agreement, donation of home, and recognition of community debt, on the basis that either prescription or preemption applied per La.Civ.Code art. 2041. The creditors now appeal that judgment.

## ASSIGNMENT OF ERROR

The creditors assert one assignment of error:

> The trial court erred in sustaining the exception of prescription when Intervenors timely filed a claim to assert their rights upon the community of acquets and gains due to fraud.

## DISCUSSION

---

[1] The final sentence Civil Code Article 2041 was added by the legislature by 2013 La.Acts No. 88, § 1.

A party who files an exception of prescription ordinarily bears the burden of proof. *Lima v. Schmidt*, 595 So.2d 624 (La. 1992). If prescription is evident on the face of the pleadings, the burden of proof shifts to the plaintiff to show that the exception of prescription should be overruled. *Id.* If no evidence is introduced at the hearing on the exception of prescription, the court of appeal reviews the judgment *de novo* to determine if it is legally correct. *Dauzart v. Fin. Indem. Ins. Co.*, 10-28 (La.App. 3 Cir. 6/2/10), 39 So.3d 802.

The creditors argue in their brief that the contracts are absolutely null. Because the terms of the agreement were not illicit and such an agreement is contemplated by the law, the contracts would be relatively null, not absolutely null. *See Radcliffe 10, L.L.C. v. Burger*, 16-768 (La. 1/25/17), 219 So.3d 296.

This court has determined that the creditors' cause of action to rescind the separation of property agreement and the donation of Mr. Holland's interest in the community home to Ms. Holland is a revocatory action, defined by La.Civ. Code art. 2036:

> An obligee has a right to annul an act of the obligor, or the result of a failure to act of the obligor, made or effected after the right of the obligee arose, that causes or increases the obligor's insolvency.

Since the sexual battery occurred in 2005, before the judgment of separation of property was executed, and because the transfer of the home rendered Mr. Holland essentially insolvent, the creditors meet the requirement to nullify an act as set forth in La.Civ.Code art. 2036. Because the separation of property agreement requires approval by the court, the appropriate action to annul that agreement is for the annulment of a judgment, which has a different prescriptive period and will be discussed below. Louisiana Civil Code article 2041 states that the prescriptive period for a revocatory action is one year from the time he knew or should have

6

known of the act or omission that increases the obligor's insolvency, and the peremptive period is three years from the date of the act or result. In 2013, the legislature added a sentence to Article 2041 stating that the three year period of peremption does not apply in the case of fraud. We must determine whether this amendment is retroactive or prospective.

Civil Code Article 6 provides:

> In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.

The supreme court discussed the retroactive or prospective application of new statutes that revive previously time barred causes of action in *Chance v. American Honda Motor Co., Inc.*, 93-2582 (La. 4/11/94), 635 So.2d 177, 178:

> Although prescriptive statutes are generally procedural in nature, the revival of an already prescribed claim presents additional concerns. For while the defendant does not acquire anything during the running of the prescriptive period, once the time period has elapsed, the legislature grants the defendant the right to plead the exception of prescription in order to defeat the plaintiff's claim. La.Code Civ.P. arts. 927 & 934. Because the defendant acquires the right to plead the exception of prescription, a change in that right constitutes a substantive change in the law as applied to the defendant. *See St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809, 817 (La.1992) ("Substantive laws either establish new rules, rights, and duties or change existing ones."); *Thomassie v. Savoie*, 581 So.2d 1031, 1034 (La.App. 1st Cir.1991) ("[I]f a statute which is remedial or procedural also has the effect of making a change in the substantive law, it must be construed to operate prospectively only.").

In the instant case, the legislation enacting the amendment to La.Civ.Code article 2041 is silent as to its retroactive or prospective effect. The effect of the addition of the language added ("The three year period provided in this Article shall not apply in cases of fraud") is to extend the preemptive period for bringing a revocatory action in cases such as this one, where the creditors allege fraud on the part of their debtors. But because their right to plead peremption vested in 2009,

7

before the law took effect, the new language can only be given prospective effect. Thus, we will not consider the language added by 2013 La.Acts No. 88, § 1, in determining whether the creditors claim is perempted.

The supreme court discussed the concept of peremption in *Rando v. Anco Insulations, Inc.,* 08-1163, pp. 19-20 (La. 5/22/09), 16 So.3d 1065, 1082:

> Peremption is a period of time fixed by law for the existence of a right. La. Civ.Code art. 3458. The right is extinguished upon the expiration of the peremptive period. *Id.* When the peremptive period has run, the cause of action itself is extinguished unless timely exercised. *State Through Div. of Admin. v. McInnis Bros. Const.*, 97-0742 (La.10/21/97), 701 So.2d 937, 939. "Peremption may be pleaded or it may be supplied by a court on its own motion at any time prior to final judgment." La.Civ.Code art. 3460. "Peremption may not be renounced, interrupted, or suspended." La. Civ.Code art. 3461.

> The peremption exception is considered a peremptory exception. *Denham Springs Economic Development Dist. v. All Taxpayers, Property Owners and Citizens of Denham Springs Economic Development Dist.*, 05-2274 (La.10/17/06), 945 So.2d 665, 680; La.Code Civ. Proc. art. 927. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. *Carter v. Haygood*, 04-0646 (La.1/19/05), 892 So.2d 1261, 1267. Peremption has been likened to prescription; namely, it is prescription that is not subject to interruption or suspension. *Flowers, Inc. v. Rausch*, 364 So.2d 928, 931 (La.1978); *see also* La. Civ.Code art. 3461.

While the creditors have focused their arguments on the issue of prescription of the revocatory action, it is clear that the trial court did not err in finding that the action filed by creditors to set aside Mr. Holland's donation of the community home to Ms. Holland was perempted, which that court can do pursuant to La.Civ.Code art. 3640. The peremptory period for this action is three years from December 12, 2006, or December 12, 2009, well before the creditors filed their intervention in the case before us. It is immaterial whether the creditors should be deemed to have known about the acts which effected their rights in August 2012 when they filed their intervention, such that the motion to set aside the acts was

8

prescribed when it was filed in September 2014. Because the peremptive period has run, we need not reach the issue of prescription.

As mentioned earlier, the separation of property agreement executed by the Hollands required court approval. *See* La.Civ.Code art. 2329. The creditors complain in brief that the Hollands "embarked on a pattern of fraud" when they filed the petition for partition of community property in the conveyance records, not in the divorce proceeding. But the La.Civ.Code art. 2329 contemplates that the parties, while still married, may enter into a separate property regime with court approval:

> Spouses may enter into a matrimonial agreement before or during marriage as to all matters that are not prohibited by public policy.
>
> Spouses may enter into a matrimonial agreement that modifies or terminates a matrimonial regime during marriage only upon joint petition and a finding by the court that this serves their best interests and that they understand the governing principles and rules. They may, however, subject themselves to the legal regime by a matrimonial agreement at any time without court approval.
>
> During the first year after moving into and acquiring a domicile in this state, spouses may enter into a matrimonial agreement without court approval.

Further, La.Civ.Code art. 2332 states that a judgment establishing a separate property regime is valid when filed in the conveyance records where immovable property is situated.

"A judgment obtained by fraud or ill practices may be annulled." La.Code. Civ.P. art. 2004. The action to annul a judgment for fraud or ill practices must be brought within one year of discovery. *Id.* If, as the creditors contend, the Hollands executed the separation of property agreement to defraud the creditors, then the creditors have a cause of action for annulment of the judgment approving that agreement. It must be brought within one year from when the creditors discovered

9

it. The record before us does not include any evidence of when the creditors found out about the separation of property agreement.

There is no mention of the separation of property agreement in the original motion to intervene filed by the creditors. The original divorce petition does mention the separate property agreement. At the latest, the creditors had actual knowledge of the separation of property agreement on October 12, 2012, when Ms. Holland filed her peremptory exceptions to the intervention. The creditors did not specifically file to annul the separation of property agreement until September 23, 2014, though the appeal on the exceptions was pending during that time. Even if we were to assume that the creditors found out on the latest day possible, i.e. October 12, 2012, they would have had one year from that date to file their nullity action.

Finally, the creditors assert that the separate obligation of Mr. Holland became a community obligation because of the alleged fraud of Mr. and Ms. Holland. The creditors fail to assert any statutory or jurisprudential authority for this assertion. Their claim is without merit.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the creditors, Chance DeRamus, Evia Hodge, Donald Hodge, and Rachel Hodge.

**AFFIRMED.**